(C.D. 2212)

Herman D. Steel Co. *v.* United States

United States Customs Court, Second Division

(Decided October 26, 1960)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff. *George Cochran Doub*, Assistant Attorney General (*Daniel I. Auster* and *Henry J. O'Neill*, trial attorneys), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: This cause of action is in the nature of a retrial of the issue decided by us in *Morris Friedman* v. *United States*, 39 Cust. Ct. 72, C.D. 1907, affirmed *Id.* v. *Id.*, 45 C.C.P.A. (Customs) 99, C.A.D. 680.

The parties, the merchandise, and the issue are the same as in the *Friedman* case. Although *Morris Friedman* was the nominal plaintiff-appellant in the former case, the Herman D. Steel Co. was the real importer.

The importation in controversy is described on the consular invoice as "300 Timetable movements for lock 'Y&T' 11 jewels, hairspring, Brequet, nickel balance 18 screws" and "228 movements dito for lock 'Diebold.'"

The articles were classified in paragraph 368(a) of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 368(a)), which provides for "Clocks, clock movements, * * * time-keeping, time-measuring, or time-indicating mechanisms, devices, and instruments, * * * and any mechanism, device, or instrument intended or suitable for measuring time, * * * or for recording or indicating time, or for recording, indicating, or performing any operation or function at a predetermined time or times, * * * (except the articles enumerated or described in paragraph 367) * * *," and duty was imposed thereon at the rate of 65 per centum ad valorem, plus $3 each, plus 25 cents for each jewel.

Plaintiff claims that the articles should be classified in paragraph 367(a) of said act (19 U.S.C. § 1001, par. 367(a)), as modified by the trade agreement with Switzerland, 69 Treas. Dec. 74, T.D. 48093, as timekeeping or time-measuring devices, instruments, or mechanisms, whether or not designed to be carried or worn on or about the person, which are subject to duty at the rate of 90 cents each, plus 9 cents for each jewel in excess of 7, plus 50 cents for length of operation without rewinding, amounting to $1.94 each.

The pertinent text of the statutes involved is here set forth:

Paragraph 368(a) of the Tariff Act of 1930, *supra*:

Clocks, clock movements, * * * timekeeping, time-measuring, or time-indicating mechanisms, devices, and instruments, * * * and any mechanism, device, or instrument intended or suitable * * * for recording, indicating, or performing any operation or function at a predetermined time or times, all the above (except the articles enumerated or described in paragraph 367), whether or not in cases, containers, or housings:

(1) * * * valued at more than $5 but not more than $10 each, $3 each; * * *

(2) any of the foregoing shall be subject to an additional duty of 65 per centum ad valorem;

(3) any of the foregoing containing jewels shall be subject to an an additional cumulative duty of 25 cents for each such jewel.

Paragraph 367(a) of the Tariff Act of 1930, as modified, *supra*:

Watch movements, and timekeeping, time-measuring, or time-indicating mechanisms, devices, and instruments, whether or not designed to be worn or carried on or about the person, * * *

for which various compound rates of duty are provided.

Upon motion of defendant, the record in the *Friedman* case, *supra*, was incorporated herein.

Exhibit 1, which was exhibit 1 in the *Friedman* case, represents the imported items. The calibrated dial bears the words "Yale & Towne Mfg. Co. Stamford Conn. U.S.A.," and also the words "Made in Switzerland."

Exhibit B, which was exhibit 3 in the incorporated record, is a time lock mechanism.

In its brief, plaintiff contends that the merchandise before the court is not a vault lock; is not a time lock and, as imported, is not a part of a time lock; that, at the time it arrived in the United States, the article was dedicated for use in keeping or measuring time and has no other use as such in its condition as imported; and, finally, that the article must be attached to another instrument after importation before it can be made to perform a function at a predetermined time. In other words, as stated by plaintiff, "The theory upon which Plaintiff has brought this case is that he contends that an article should be classified in accordance with its character, condition and functions at the time of importation; * * *."

This court and our appellate court, in the *Friedman* case, *supra*, carefully analyzed and considered the record in that case and sustained the collector's classification of the merchandise in paragraph 368(a) of the Tariff Act of 1930, *supra*. That record is again before the court, supplemented by the testimony of two witnesses called by plaintiff as follows—

William W. Woolford, whose familiarity with merchandise such as exhibit 1 covered a 3-year period, stated that the article was used by Yale & Towne for vault lock purposes; it could not be used to tell

the time of day when used for its intended purpose; it was not designed or intended for use in watches or clocks; and he had only seen it in use in vault locks.

Albert F. Sciorra, supervisor in charge of research and development on electronic projects and employed by the Electronics Research Laboratories of Columbia University, testified that he had never seen a device such as defendant's exhibit B; was not familiar with its common use as a timetable movement for a bank vault; and that he had made experimental tests not connected with actual, practical commercial uses of the mechanism.

The testimony of these two witnesses adds nothing of substance to the factual background of the case when it was originally before us.

As to the uses of the imported article, sought to be established through the testimony of witness Sciorra, other than in time lock mechanisms, it is worth noting the following from the decision of our appellate court in the *Friedman* case, *supra*:

It seems obvious from the foregoing that, even if it were argued that the instant timers were not dedicated to use in connection with time locks, they are dedicated to use, broadly speaking, as devices intended for performing an operation or function at a predetermined time or times. And this is true whether the function urged is locking a safe or maintaining a burglar alarm in a "set" position. As such, there is no question but that the timers are covered by the provision in paragraph 368(a) for "any mechanism, device, or instrument intended or suitable * * * for recording, indicating, or performing any operation or function at a predetermined time or times."

It is fundamental, of course, as urged by plaintiff, that the dutiable classification of merchandise is governed by its condition as imported. We have not departed from that rule here. The article, according to the record, in its ordinary, customary use is employed to perform a function at a predetermined time. If, as contended by plaintiff, the condition of an article at the exact time of importation must fix its dutiable classification, it would logically follow that plaintiff's claim for classification of the subject merchandise as a timekeeping or time-measuring device within the meaning of paragraph 367 would be ineffective for the simple reason that exhibit 1 has no practical, normal use until it is integrated with other parts. Even then, it would not be useful either to keep or to measure time.

It is clear from the evidence before the court that when the merchandise in controversy entered this country it was intended, designed, and suitable for recording, indicating, or performing an operation or function at a predetermined time and, therefore, responded literally to the terms of paragraph 368(a) of the Tariff Act of 1930, *supra*, where it was classified by the collector.

We have carefully considered the composite record and the briefs of adversary parties herein and find nothing of a factual nature nor of legal concept that causes us to modify the views expressed by us in the *Friedman* case, *supra*, which was affirmed in a thoroughgoing decision on appeal. In the circumstances, we regard the *Friedman* case as *stare decisis* of the issue here.

For the reasons stated, we overrule the protest on all grounds, and judgment will be entered accordingly.